IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,                                  ORDER

    v.

                                                                  15-cr-96-wmc

BRIAN DUTCHER,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Immediately following an August 21, 2015, hearing on defendant's appeal from Magistrate Judge Stephen Crocker's order denying bond, the court indicated its willingness to consider releasing the defendant subject to standard conditions 1-12, as well as certain special conditions 17-19 and 22-26.  (Dkt. #20.)  The defendant's release was, however, stayed until the court received:  (1) a satisfactory psychological report with respect to defendant's dangerousness and impulse control; and (2) a satisfactory inspection by the probation office of the home in Warrens of Leslie and Wanda Huck under whose third-party custody the defendant would be placed.

Although the subsequent psychologist's report was problematic, particularly with regard to impulse control, it appears those concerns may have been mooted by the Hucks' inability to act as third-party custodians, due to Leslie's serious health problems.  During today's follow up hearing, at which the defendant appeared personally and through his newly-appointed counsel, Stephen Meyer, and Assistant United States Attorney Julie Pfluger appeared for the government, the defense essentially conceded as much, but requested that

the court continue to stay ruling on his appeal pending further efforts to find another suitable third-party custodian. As explained more fully on the record, the court was disinclined to continue its stay given that a further evidentiary hearing would likely be needed to assess, at minimum, the defendant's suitability for release to *that* individual.

Accordingly, since the defendant's placement in custody with the Hucks was a condition not only of this court, but now also of the psychologist in recommending release pending trial, the court AFFIRMS Judge Crocker's order denying bond without prejudice to defendant bringing a renewed motion for release before Judge Crocker (or if appropriate on appeal before me) should he and his counsel believe that new facts warrant such relief.

Entered this 30th day of September, 2015.

BY THE COURT:

WILLIAM M. CONLEY
District Judge